UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

WENDY BONNER; KRISTIN PUTNAM; )
HEATHER M. DeVITO; )
ADRIENNE LeCLAIR; and )
REBECCA AVRUTIN; )
)
      Plaintiffs, )
)
v. )   Case No. 03-CV-103-B-S
)
)
THE PRESIDENT AND TRUSTEES OF )   INJUNCTIVE RELIEF SOUGHT
COLBY COLLEGE; )
and Does 1 through 50, )
)
      Defendants. )

## COMPLAINT

The above-captioned Plaintiffs respectfully file this Complaint against Defendants, The President and Trustees of Colby College; and Does 1 through 50, and allege as follows:

### STATEMENT OF THE CASE

1.    This action is posed for declaratory and injunctive relief. Defendants have violated (1) Title IX of the Education Amendment of 1972, 20 U.S.C. §1681 *et seq.* ("Title IX") and the regulations adopted thereto, and (2) the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983, by illegally denying Plaintiffs the equal treatment and benefits that must necessarily accompany an equal opportunity to participate in athletics.

2.      Defendants' denial of equal treatment and benefits constitutes illegal discrimination against the plaintiffs based solely on their gender.  Specifically, Defendants have discriminated against the Plaintiffs in the following areas:  (1) funding of athletics; (2) equipment and supplies; (3) travel and per diem; (4) opportunity to receive coaching; and (5) provision of locker rooms.

3.      This action seeks to redress the deprivation of the named Plaintiffs' rights to receive the equal treatment and benefits which must necessarily accompany an equal opportunity to participate.  This action seeks a declaratory judgment that Defendants have violated the Plaintiffs' rights under federal law and the United States Constitution. This action further seeks an injunction requiring Defendants to immediately cease their discriminatory practices and to remedy the effects of their discriminatory practices and to remedy the effects of their discriminatory conduct.

4.      Plaintiffs seek injunctive relief which, among other things, requires that Defendants provide the Plaintiffs with equal treatment and benefits as Colby College already provides to its mens' athletic teams.

## JURISDICTION AND VENUE

5.      The Plaintiffs' first claim arises under 20 U.S.C. §1681, *et seq.* and its interpreting regulations.  Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

6.  The Plaintiffs' second claim arises under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

7.  Jurisdiction for declaratory and other relief is invoked pursuant to 28 U.S.C. §§ 2201(a) and 2202.

8.  Venue is proper pursuant to 28 U.S.C. §1391(b). These claims arose in Waterville, Maine, which is within the jurisdiction of this Court.

## THE PARTIES

9.  Plaintiff Wendy Bonner is a sophomore at Colby College. Wendy is a talented athlete who participates in field hockey, basketball and softball. She has endured the unequal treatment and benefits directed by The President and Trustees of Colby College toward its female athletes as compared to its male athletes. During the school year, Wendy resides in Waterville, Maine. A substantial part of the events or omissions giving rise to this lawsuit occurred in Kennebec County, Maine, which is within the jurisdiction of this Court.

10. Plaintiff Kristin Putnam is a sophomore at Colby College. Kristin is a talented athlete who participates in field hockey and ice hockey. She has endured the unequal treatment and benefits directed by The President and Trustees of Colby College toward its female athletes as compared to its male athletes. During the school year, Kristin resides in

Waterville, Maine. A substantial part of the events or omissions giving rise to this lawsuit occurred in Kennebec County, Maine, which is within the jurisdiction of this Court.

11. Plaintiff Heather M. DeVito is a sophomore at Colby College. Heather is a talented athlete who participates in ice hockey. She has endured the unequal treatment and benefits directed by The President and Trustees of Colby College toward its female athletes as compared to its male athletes. During the school year, Heather resides in Waterville, Maine. A substantial part of the events or omissions giving rise to this lawsuit occurred in Kennebec County, Maine, which is within the jurisdiction of this Court.

12. Plaintiff Adrienne LeClair is a sophomore at Colby College. Adrienne is a talented athlete who participates in field hockey. She has endured the unequal treatment and benefits directed by The President and Trustees of Colby College toward its female athletes as compared to its male athletes. During the school year, Adrienne resides in Waterville, Maine. A substantial part of the events or omissions giving rise to this lawsuit occurred in Kennebec County, Maine, which is within the jurisdiction of this Court.

13. Plaintiff Rebecca Avrutin is a junior at Colby College. Rebecca is a talented athlete who participates in lacrosse. She has endured the unequal treatment and benefits directed by The President and Trustees of Colby College toward its female athletes as compared to its male athletes. During the school year, Rebecca resides in Waterville, Maine. A substantial part of the events or omissions giving rise to this lawsuit occurred in Kennebec County, Maine, which is within the jurisdiction of this Court.

14. Defendant, The President and Trustees of Colby College, is authorized under Maine law to operate a college, where the Plaintiffs are students. Therefore, Colby College's conduct is considered state action under 42 U.S.C. §1983. Defendant, Colby College, is located in Waterville, Maine, and a substantial part of the events or omissions giving rise to this lawsuit occurred in Kennebec County, which is within the jurisdiction of this Court. Since the passage of Title IX, Colby College has received and continues to receive federal financial assistance and the benefits therefrom. Therefore, all programs at Colby College, including athletics, are subject to the requirements of Title IX.

15. The named Plaintiffs are ignorant of the true names and capacities of Does 1-50, but believe them to be employees or agents of Colby College or The President and Trustees of Colby College. Plaintiffs will seek to amend this Complaint to set forth their true names and capacities when they are ascertained. Plaintiffs are informed and believe, and on that basis allege, that each of these fictitiously named defendants is responsible in some manner for the discriminatory actions primarily conducted in Kennebec County, Maine, alleged herein, and that each is a resident of the State of Maine and thus is subject to the jurisdiction of this Court.

## **GENERAL ALLEGATIONS**

## **THE REQUIREMENTS OF TITLE IX**

16. Title IX, enacted in 1972, provides in relevant part:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a). The Civil Rights Restoration Act of 1987 made Congress' intent plain that "program or activity," as used in Title IX, applies to any program or activity so long as any part of the public institution receives federal financial assistance. 20 U.S.C. § 1687. Thus, Colby College is subject to Title IX even if none of the funding for either its females' or males' athletic programs comes specifically from federal sources.

17. In 1975, the Department of Health, Education and Welfare (the predecessor of the United States Department of Education ("DOE")) adopted regulations interpreting Title IX. These regulations are codified at 34 C.F.R. Part 106. (the "Regulations").

18. With regard to athletic programs, § 106.41(a) of 34 C.F.R. provides that intercollegiate athletics are included within the "program or activity" requirements of Title IX:

> No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, be treated differently from another person or otherwise be discriminated against in any interscholastic, intercollegiate, club or intramural athletics offered by a recipient ...

19. 34 C.F.R. § 106.41(c) specifies ten (10) factors that are to be considered in the determination of equal athletic opportunity:

1. Whether the selection of sports and levels of competition effectively accommodate the interest and abilities of members of both sexes;

2. The provision of equipment and supplies;

3. Scheduling of games and practice time;

4. Travel and per diem allowance;

5. Opportunity to receive coaching and academic tutoring;

6. Assignment and compensation of coaches and tutors;

7. Provision of locker rooms, practice and competitive facilities;

8. Provision of medical and training facilities and services;

9. Provision of housing and dining facilities and services; and

10. Publicity.

Another factor to be considered is a school's "failure to provide necessary funds for teams for one sex." *Id.*

20. In 1979, the Office of Civil Rights of the Department of Education ("OCR") issued a policy interpretation of Title IX and the Regulations. This policy interpretation is found at 44 Fed. Reg. 71413 (1979) (the "Policy Interpretation").

21. The Policy Interpretation provides that, in order to comply with Title IX and 34 C.F.R. § 106.41(c), schools must provide equal athletic opportunities in three general

areas: (1) awarding of scholarships (aimed primarily at problems at the intercollegiate level); (2) participation opportunities (including both the number of opportunities and whether the selection of sports and the level of competition effectively accommodate the interests and abilities of members of both sexes); and (3) treatment and benefits. 44 Fed. Reg. at 71414.

22. Under both the Regulations and the Policy Interpretation, compliance in the area of equal treatment and benefits is assessed based on an overall comparison of the male and female athletic programs, including an analysis of factors (2) through (10) of 34 C.F.R. § 106.41(c) listed above and an analysis of whether the necessary funds are provided for teams of both sexes.

23. The Regulations require that sponsors of intercollegiate and/or other school-sponsored athletics (such as Colby College) take such remedial actions as are necessary to overcome the effects of gender discrimination in violation of Title IX. *See* 34 C.F.R. § 106.3(a). On information and belief, Colby College has not taken appropriate remedial actions to insure equal treatment and benefits for its female athletes as compared to its male athletes.

24. The Regulations further require that sponsors of intercollegiate and/or other school-sponsored athletics comply with the Regulations within three years of their effective date (which was July 21, 1975). Now, more than twenty-seven (27) years later, Colby College is still not in full compliance with Title IX.

## THE U.S. CONSTITUTION

25.     The Fourteenth Amendment to the United States Constitution requires that a state shall not "deny to any person within its jurisdiction the equal protection of the laws."

26.     Under 42 U.S.C. § 1983, Defendants may be held liable for their actions in violating Plaintiffs' rights under the Fourteenth Amendment.

## INJUNCTIVE RELIEF

27.     Plaintiffs are entitled to injunctive relief to end Defendants' unequal, discriminatory, and unlawful treatment of female student athletes. Because of Defendants' acts and omissions, Plaintiffs continue to be deprived of the rights guaranteed to them by the United States Constitution and the laws of the United States. Failure to grant the injunctive relief requested will result in irreparable harm to Plaintiffs in that Plaintiffs' Fourteenth Amendment rights will be violated and that Plaintiffs will never be able to participate in intercollegiate and/or other school-sponsored athletics on an equal basis with their male classmates, if at all. Accordingly, Plaintiffs do not have an adequate remedy at law for this harm. This threatened harm far outweighs any possible harm that granting injunctive relief might cause Defendants. Finally, the injunctive relief sought would in no way disserve the public interest but, on the contrary, would prevent discrimination based on gender and would promote the goal of full equality before the law.

## ATTORNEYS' FEES

28.     Plaintiffs have been required to retain the undersigned attorneys to prosecute this action. Plaintiffs are entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## FIRST CLAIM FOR RELIEF:  TITLE IX(Unequal Treatment and Benefits)

29.     Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 28 inclusive of this Complaint.

30.     Colby College, by its conduct, has illegally violated Title IX by discriminating against female students, including the Plaintiffs, by, among other things, failing to provide female athletes at Colby College with the same treatment and benefits which are comparable to the treatment and benefits provided to male athletes.

31.     On information and belief, Plaintiffs allege that Colby College has failed to comply with Title IX by failing to provide Plaintiffs with comparable treatment and benefits including, but not limited to, the following areas:

   (1)     Colby College funds athletics in a manner that discriminates against Plaintiffs and other female athletes.

   (2)     Colby College provides male athletes with newer equipment and supplies that are of better quality than those provided to female athletes. For example, the women's lacrosse team is issued the men's old

football bags for travel. As an additional example, in some cases, the men's teams receive new uniforms more frequently than the women's teams, and the women's uniforms are often so old that the women buy uniform items with their own money. In addition, women's teams do not receive equivalent benefit of an equipment manager as compared to men's teams.

(3)  Plaintiffs and other female athletes receive inferior treatment in regard to travel and per diem. For example, the hotel rooms are more cramped for female athletes as compared to male athletes. In addition, football players receive more and better meals as compared to any female athletes.

(4)  Plaintiffs and other female athletes have fewer opportunities to receive coaching as compared to the male athletes at Colby College. In particular, there are two head coaches at Colby College coaching four separate major female sports. One coaches field hockey and lacrosse, while the other coaches ice hockey and soccer. Since male teams have a separate head coach for virtually every sport, female athletes receive less attention from their head coach as compared to male athletes in regard to such issues as recruiting, preseason preparation, off-season training, and player academics.

(5) Colby College supplies more locker room space of superior quality, with superior access, to male athletes as compared to female athletes.

32. The imbalance in the treatment of female and male athletes at Colby College, as detailed above, demonstrates Colby College's illegal failure to comply with Title IX.

33. Colby College's conduct has persisted despite the mandates of the Regulations, particularly 34 C.F.R §§ 106.3(a) and 106.41(c), (d), and the Policy Interpretation.

34. Colby College's conduct violates 20 U.S.C. § 1681 *et seq.*, as interpreted by 34 C.F.R. §§ 106.31 and 106.41 and the Policy Interpretation thereof.

### SECOND CLAIM FOR RELIEF: EQUAL PROTECTION

35. Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 34 inclusive of this Complaint.

36. Defendants, by their failure to provide female athletes with the same treatment and benefits as the male athletes (as detailed above), have illegally discriminated against female students, including the Plaintiffs, on the basis of gender, and have illegally deprived them of their rights to equal protection secured by the Fourteenth Amendment to the United States Constitution.

37. Defendants have illegally failed to remedy the unequal treatment and benefits received by Colby College's female athletes as compared to male athletes. Therefore, Defendants' actions constitute a disregard for Plaintiffs' constitutional rights.

38.     Section 1983 of Title 42 of the United States Code provides, in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

39.     When Defendants engaged in the improper actions described above, they were acting under color of law for purposes of the Equal Protection Clause of the United States Constitution and 42 U.S.C. § 1983. Under this section, each of the individual Defendants is liable for violations of the Plaintiffs' constitutional rights under the Fourteenth Amendment.

## RELIEF REQUESTED

WHEREFORE, on each of their claims, Plaintiffs respectfully pray that this Court:

A.     Enter an order declaring that Defendants have engaged in a past and continuing pattern and practice of discrimination against female students on the basis of gender in violation of Title IX and the regulations promulgated thereunder (including unequal treatment and benefits), and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

B. Issue a permanent injunction (a) restraining Defendants and their officers, agents, employees, successors, and any other persons acting in concert with them, from continuing to maintain practices and policies of discrimination against female students on the basis of gender, and (b) requiring Defendants, immediately upon issuance of the injunctive order, to adopt and implement a budget and plan which corrects and remediates Defendants' violation of Title IX and the Fourteenth Amendment.  Such a plan should include, among other things, providing female athletes with treatment and benefits comparable to those provided to male athletes.

C. Grant an expedited hearing and ruling on the permanent injunction request in B above.

D. Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

E. Order such other and further relief as the Court deems appropriate.

F. Designate that the trial take place before the United States District Court in Bangor, Maine.


Dated: __6-5-03__ .

Respectfully submitted,

**SCHILLER LAW FIRM**

*/s/ Samuel J. Schiller*

**SAMUEL J. SCHILLER,**
**Oklahoma Bar Association #016067**
**Tennessee Attorney Registration #021810**
**RAY YASSER,**
**Oklahoma Bar Association #009944**
Suite 200, 4113 Cumby Road
Cookeville, TN 38501
Telephone: (931) 528-5050
Fax: (931) 528-5051


*/s/ Eugene C. Coughlin*
**EUGENE C. COUGHLIN**
Bar Number: 393
Vafiades, Brountas & Kominsky, LLP
Key Plaza, 23 Water Street
P. O. Box 919
Bangor, ME 04402-0919
Telephone: (207) 947-6915

*Attorneys for Plaintiffs*

F:\Colby\Complaint - Colby College.wpd